### CHURCH v. CHURCH.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. DIVORCE—POSTPONEMENT OF TRIAL—ABSENCE OF WITNESSES.
   Plaintiff was entitled to the postponement of her divorce suit where her affidavit showed that there were numerous witnesses outside of the county, who were necessary and material, and whose attendance she had been unable to procure, though one of the witnesses was produced by defendant.

2. SAME—ESTOPPEL TO OPPOSE POSTPONEMENT.
   In an action for divorce, defendant was directed by the court to pay plaintiff $30 counsel fee to enable her to prepare for trial and to subpœna witnesses, but failed to do so until the morning of the trial, when it was too late for her to procure the necessary witnesses. *Held*, that defendant was estopped from opposing plaintiff's motion for a postponement, on the ground that she was negligent in making preparations for the trial.

Appeal from Special Term, Fulton county.

Action for divorce by Alfaretta J. Church against George L. Church. Defendant filed a counterclaim for divorce. From a judgment of divorce for defendant, and from an order denying plaintiff's motion to settle the issues in the action, plaintiff appeals. Reversed.

The action was brought by the plaintiff against the defendant for an absolute divorce. In the answer of the defendant the allegations of the complaint were denied, and a counterclaim was alleged against the plaintiff for a divorce in behalf of the defendant. The case came on for trial at an adjourned term at chambers. At this time the plaintiff offered no evidence, and

upon the defendant's evidence the court adjudged that the defendant was entitled to a divorce against the plaintiff, and ordered judgment accordingly.

Argued before PARKER, P. J., and SMITH, LYON, CHASE, and CHESTER, JJ.

Clark L. Jorden, for appellant.

Thomas Hogan, for respondent.

SMITH, J.　We think that this judgment must be reversed for the refusal of the trial court to grant a postponement upon the motion of the plaintiff. The affidavit for a postponement shows that there were numerous witnesses outside of the county of Fulton who were necessary and material for the plaintiff upon the trial of this action which the plaintiff had been unable to procure. In the affidavit is included the usual affidavit of merits, and the usual case made for a postponement of the trial. It is true that one of the witnesses claimed to be a necessary and material witness was produced there by the defendant, but the affidavit specifies other witnesses whose testimony is material to the plaintiff.

Nor can the plaintiff be held to have been negligent in not having these witnesses at the trial. The defendant had been required by an order of the court to give to the plaintiff $30 counsel fee to enable the plaintiff to prepare for trial and to subpœna witnesses. This counsel fee was not paid until the morning of the day of the trial, when it was too late for the plaintiff to procure the necessary witnesses. We think that she might fairly have waited until the counsel fee was paid her before she prepared for trial, and the delay of the defendant in making payment thereof must estop the defendant from claiming that plaintiff was negligent in failing to make her preparation.

With this disposal of the judgment, it is probably unnecessary to determine the appeal from the order declining to settle the issues for a jury trial. If there had been a waiver for the purpose of a trial upon the adjourned day upon which it was tried, that waiver would hardly be applied where other good and sufficient reason existed for postponing the trial from the day upon which it was consented that the trial should be had.

The judgment should be reversed, and a new trial ordered, with costs to plaintiff to abide event.

Judgment reversed and new trial granted, with costs to appellant to abide event, and order modified so as to provide leave for renewal of motion to settle issues, and as so modified affirmed. All concur.